**Orville HANDSHY, Plaintiff-Respondent,**

**v.**

**NOLTE PETROLEUM COMPANY,**
**Defendant-Appellant.**

**No. 31642.**

St. Louis Court of Appeals.

Missouri.

Feb. 16, 1965.

Heege & Heege, George F. Heege, III, Thomas W. Wehrle, Clayton, for defendant-appellant.

Marvin Klamen, Clayton, William P. Byrne, St. Louis, for plaintiff-respondent.

BRADY, Commissioner.

This appeal has recently come to this writer by reassignment. This is an action for personal injuries in which the respondent, upon jury trial, recovered judgment in the amount of $6,000.00. The appellant's timely after-trial motions were overruled and it has perfected this appeal. The parties will hereafter be referred to by their designation in the trial court.

The defendant advances four allegations of prejudicial error among which is the contention that the trial court erred in instructing upon general negligence because the uncontradicted evidence showed the

specific negligence. This contention is decisive of this appeal, and we will therefore limit our recitation of the factual situation to those facts bearing upon that issue. However, it should be pointed out that the other allegations of prejudicial error raised by defendant deal with the trial court's action in admitting certain testimony over objection, in excluding from evidence certain exhibits, and in giving the measure of damages instruction. There is no contention that plaintiff failed to state a cause of action nor that the trial court improperly ruled defendant's motion for a directed verdict offered at the close of all the evidence on the basis that plaintiff had failed to make a submissible case.

The plaintiff pleaded that the defendant's employees " * * * negligently and carelessly delivered said fuel, causing said fuel to overflow onto plaintiff's property"; that by reason of " * * * said negligence aforesaid, plaintiff's property became in imminent peril of damage and destruction"; and "[t]hat while acting to protect his property, plaintiff was caused to fall down a flight of steps, injuring him thereby." The injuries to the plaintiff were described in detail. The defendant denied the pertinent allegations of the petition and alleged plaintiff was contributorily negligent in that plaintiff failed to " * * * look, watch or observe * * *" where he was walking and negligently walked into the spilled oil without making any effort to clean the oil away.

On the date with which we are here concerned the plaintiff was sitting in an office he maintained in his home. The defendant's employees regularly delivered fuel oil to the plaintiff, and on this occasion the truck pulled up in front of the house and one of the defendant's employees, Eugene Wood, the driver, got the hose out and carried it up to the fill pipe which was located right by the door of plaintiff's house. Wood then knocked on plaintiff's door and plaintiff told him to fill the tank. Wood then started the flow of oil into plaintiff's tank. When the truck motor, which has to be running to pump the fuel oil, began to slow down, Wood left the hose and nozzle with his helper Black and went to the front of the truck to "rev" it up. The tank became full and Black attempted to turn the oil off but didn't know how to operate the nozzle and the oil ran out of the fill pipe and onto plaintiff's patio. Plaintiff went to the window and saw Black standing there with the nozzle in his hand and oil running out on the patio. The plaintiff went outside and as he opened the door, he heard Black say, "I can't turn it off, Gene." It further appeared that the defendant's employee Wood had worked for defendant since 1946, but Black had only started work that morning and had not been instructed as to how to shut off the nozzle. The plaintiff helped Wood turn off the hose. Wood then asked the plaintiff to get him a broom and also to open the drain on the patio. The plaintiff did so and Wood started sweeping oil into the drain. After making three or four "swipes" with the broom Wood said, "Oh, my gosh, what about the basement?" The plaintiff was then asked if " * * * sometime after he made that statement, did you then start to go to the basement?" and answered, "I started to walk to the basement." The plaintiff's theory was that the oil that accumulated on his shoes when he got the broom and opened the drain caused him to slip and fall on the basement stairs.

In those parts pertinent to the issue which we rule on this appeal Instruction No. 3 hypothesized that as the fuel oil was being delivered " * * * said oil did suddenly and unexpectedly overflow from said pipe and onto the patio and into * * *" the plaintiff's home; that the plaintiff " * * did thereafter step into said oil * * *"; that the plaintiff " * * * believed that there was danger of damage to his property in said basement and a danger of fire by virtue of oil overflowing from the storage tank located in the basement of his home * * *"; that the plaintiff " * * in an attempt to protect his family and property attempted to walk to the basement

steps in order to descend said steps to go to the basement of his home * * *"; and that as the plaintiff "* * * was at the top of said steps he slipped and fell by reason of oil being on his shoes, if you so find, and was caused to sustain the injuries mentioned in evidence * * *." Instruction No. 3 went on to inform the jury that "* * * you are instructed that such facts, if you believe them to be true, are a sufficient circumstantial evidence to warrant a finding by you that the defendant was negligent * * *."

█ Before passing upon the merits we are confronted with plaintiff's motion to dismiss the appeal for failure to comply with the rules. The main contention advanced by the plaintiff in support of this motion is that the defendant has not properly stated its points and authorities as required by Rule 83.05(e), V.A.M.R. Plaintiff also contends that the allegations of error which defendant advances in its brief were not properly preserved by inclusion in the motion for new trial as required by Rule 79.03, V.A.M.R. With respect to the latter contention, the transcript discloses that the defendant made only a general objection to the giving of the instructions offered by the plaintiff. It was therefore under a duty to make specific objections to the giving of the instructions in its motion for new trial, Rule 79.03, supra. In the paragraph of that motion dealing with Instruction No. 3, the defendant alleged "* * * that there was no basis in the evidence for the submission of said instruction * * *." It is true that usually the language "there was no basis" is employed in those cases where the contention is that the evidence to support the giving of the instruction is totally lacking. However, if defendant is correct in its contention that this record discloses uncontested proof of specific negligence, then there is no basis in the evidence upon which to base the giving of an instruction submitting the case upon general negligence. The fact that in the instant case the contention is that the basis does not exist due to an ex-

cess of proof of general negligence; i. e., proof which shows specific negligence, does not prevent this contention from being encompassed within the language of the motion for new trial·that there was no basis for the submission of the instruction. The gist of defendant's allegation in the motion for new trial and of its allegation of error and supporting argument before this court is the same. We hold the requirements of Rule 79.03, supra, have been met.

█ In his motion to dismiss due to an alleged violation of Rule 83.05(e), supra, the plaintiff's allegation is that "* * * said point fails to set forth sufficient legal grounds of alleged error in the Court's ruling." It is difficult to ascertain exactly what plaintiff means by such language. The defendant alleged "[t]he Court erred in giving and reading to the jury, at the request of plaintiff, Instruction No. 3, because the instruction is erroneous for the following reasons * * *." Among the reasons separately stated in subparagraphs was the contention that while plaintiff had pleaded general negligence, the evidence showed the specific negligence of the defendant in leaving the hose attended by an employee who had not been instructed in how to shut off the hose and that it was therefore error to instruct upon general negligence. We cannot agree that such an allegation of prejudicial error "* * * fails to set forth sufficient legal grounds of alleged error" as plaintiff contends in his motion to dismiss. As stated earlier, we herein hold this allegation of error to be decisive, and since we also find it to have been preserved for our ruling as required by Rule 79.03, supra, and presented to us in a form not in violation of Rule 83.05(e), supra, it is unnecessary to rule upon the motion to dismiss as it affects the other allegations of error. The motion to dismiss is without merit.

█ The plaintiff tacitly concedes that this record contains proof of specific negligence but contends that this proof is not sufficient to foreclose the submission of

general negligence in that " * * * [t]here may have been other reasons why the hose was not shut off in addition to defendant's employee not knowing how to shut it off. * * *" Plaintiff urges that in the absence of uncontroverted proof that the failure of defendant's employee to shut off the hose is the only way the accident could have happened he is entitled to submit upon general negligence. In support whereof the plaintiff cites and relies upon Rothweiler v. St. Louis Public Service Co., Mo. App., 224 S.W.2d 569, rev. Mo., 234 S.W.2d 552, and Williams v. St. Louis Public Service Co., Mo.App., 245 S.W.2d 659, rev. 363 Mo. 625, 253 S.W.2d 97. In Williams v. St. Louis Public Service Co., 253 S.W.2d 97, 1. c. 102, the court states that a general negligence submission may not be denied " * * * unless specific negligence, the real or precise cause is definitely shown by direct evidence. * * *" However, this does not mean that in order to prevent plaintiff's submission of general negligence such specific negligence must appear as to render totally impossible any other cause. The uncontroverted evidence was that the oil was caused to overflow because of the failure of the defendant's employee Black to turn off the hose. The plaintiff testified that he heard Black say he could not turn off the hose, and all the evidence was that the defendant had failed to instruct him as to the operation of the nozzle and he did not know how to shut it off. Moreover, the plaintiff's evidence strongly tends to disprove that there could have been any other cause as the overflow stopped when the plaintiff helped shut off the hose. These facts render the instant case distinguishable from those cases upon which the plaintiff relies wherein the cause of the occurrence is left in doubt. The proof was that the defendant employee Wood left his co-employee Black to tend the nozzle of a hose through which oil was being pumped knowing that Black had not been instructed as to how to shut off the nozzle and stop the flow of oil. The defendant does not contend that plaintiff failed to make a case of

specific negligence. Compare Rothweiler v. St. Louis Public Service Co., supra; Williams v. St. Louis Public Service Co., supra. It does contend that such proof prevents the submission of this case upon general negligence and his contention has merit.

The decision reached herein renders unnecessary any ruling upon the other assignments of error. The judgment should be reversed and the cause remanded. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is reversed and the cause remanded.

RUDDY, P. J., and WOLFE and ANDERSON, JJ., concur.